UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> MESA HOMEOWNERS ASSOCIATION, et al., <br><br> Defendant. | Case No. 2:17-cv-02566-GMN-CWH <br><br> **REPORT AND RECOMMENDATION** |

Presently before the court is plaintiff Bank of America, N.A.'s motion for leave to file an amended complaint (ECF No. 46), filed on July 23, 2018. Defendant SFR Investments Pool 1, LLC filed a response (ECF No. 47) on August 6, 2018. Plaintiff filed a reply (ECF No. 48) on August 13, 2018.

**I.     BACKGROUND**

This case arises from defendant Mesa Homeowners Association's foreclosure sale of real property to defendant. (Compl. (ECF No. 1).) Plaintiff claims that at the time of the foreclosure sale, the Federal Home Loan Mortgage Corporation ("Freddie Mac") owned the deed of trust, and that plaintiff appeared as the beneficiary. (*Id.*) This court issued a scheduling order on April 19, 2018, providing May 15, 2018 as the deadline for the parties to file any motions to amend the pleadings or to add parties. (Scheduling Order (ECF No. 33).) Plaintiff now moves to amend its complaint to add support to its first cause of action, which alleges that the foreclosure sale did not extinguish Freddie Mac's ownership of the deed of trust. (Mot. for Leave (ECF No. 46).) Defendant responds that plaintiff has failed to demonstrate good cause warranting the extension of the discovery deadline. (Resp. (ECF No. 47).) Plaintiff replies that leave to amend should be liberally granted and that its proposed amended complaint does not alter the nature of this case or the relief requested. (Reply (ECF No. 48).)

## II. ANALYSIS

As a general rule, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but should grant leave when "justice so requires." *Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, once the court issues a pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court must first apply the governing "good cause" standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* In addition, the carelessness of the party "is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

In *Johnson*, the Ninth Circuit applied Rule 16's good cause standard when the plaintiff moved to amend his complaint to add an additional party, rather than making a specific request to amend the scheduling order. *See* 975 F.2d at 608-09. There, the court held that plaintiff had not demonstrated good cause when he failed to heed signs that not all parties were named in the action. *Id.* at 609. Further, the court noted that plaintiff held the burden to properly prosecute his case, and his failure to pay attention to the discovery responses is the same type of case management issue Rule 16 seeks to cure. *Id.* at 610.

Though plaintiff has not specifically requested a modification of the scheduling order, a motion to amend the pleadings after the court-ordered deadline is a de facto request to modify the scheduling order. *See Johnson*, 975 F.2d at 608-09. Given that the scheduling order provided May 15, 2018 as the deadline to amend the pleadings, the court will evaluate plaintiff's motion according to Rule 16's good cause standard.

Having reviewed plaintiff's motion, the court finds that plaintiff has failed to demonstrate good cause. The scheduling order states that May 15, 2018 was the deadline to amend the pleadings or to add parties. Plaintiff then filed this motion to amend the complaint on July 23, 2018, after the deadline to amend and less than a month before the close of discovery. Plaintiff's motion does not specifically address the good cause standard, nor does the motion provide a reason for the delay. Given that plaintiff has failed to identify good cause to extend the deadline, the court will recommend the request be denied.

### III.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that plaintiff Bank of America, N.A.'s motion for leave to file an amended complaint (ECF No. 46) be DENIED without prejudice.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 11, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE