**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MESA HOMEOWNERS ASSOCIATION, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:17-cv-02566-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation ("R&R"), (ECF No. 65), in which Magistrate Judge Hoffman recommends that the Motion for Leave to Amend, (ECF No. 46), filed by Plaintiff Bank of America, N.A. ("Plaintiff"), be **DENIED**. Plaintiff filed an Objection to the R&R, (ECF No. 68), and Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 73).

Also pending before the Court is the Renewed Motion for Leave to Amend, (ECF No. 69), filed by Plaintiff. SFR filed a Response, (ECF No. 72), and Plaintiff filed a Reply, (ECF No. 74).

For the reasons addressed below, Judge Hoffman's R&R is **ACCEPTED and ADOPTED in full**; Plaintiff's initial Motion for Leave to Amend is **DENIED**; and Plaintiff's Renewed Motion for Leave to Amend is **GRANTED**.

**I.    BACKGROUND**

Plaintiff brings this quiet title action against Mesa Homeowners Association ("HOA") and SFR Investments Pool 1, LLC ("SFR"). (*See* Compl., ECF No. 1). Relevant to the instant Motions, the parties' scheduling order provides a May 15, 2018 deadline for amending the pleadings and an August 13, 2018 discovery cut-off, (ECF No. 32). On July 23, 2018, Plaintiff

moved to amend his complaint, (ECF No. 46), seeking to add allegations that the Federal Home Loan Mortgage Corporation ("Freddie Mac") owned the subject property at the time of the HOA foreclosure sale. (*Id.*).

Judge Hoffman recommends that Plaintiff's initial Motion be denied for failure to "address the good cause standard" or "provide a reason for the delay." (*See* R& R 3:1–7, ECF No. 65). The instant Objection and Renewed Motion for Leave followed shortly thereafter, (ECF Nos. 68, 69).

## II. REPORT AND RECOMMENDATION

### A. Legal Standard

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

### B. Discussion

Plaintiff does not dispute any portion of the R&R and expressly concedes its initial Motion failed to "address Rule 16's good cause standard," (Obj. 3:1–4, ECF No. 68). In place of a substantive objection, Plaintiff requests the Court consider its Renewed Motion for Leave, (Obj. 3:5–7). Seeing no objection, the Court accepts and adopts in full Judge Hoffman's R&R.

## III. RENEWED MOTION FOR LEAVE TO AMEND

### A. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the sound discretion of the district court. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Courts may deny a party leave to amend based upon the

following considerations: (1) undue delay; (2) undue prejudice to the opposing party; (3) the moving party's bad faith; (4) the moving party's repeated failure to cure deficiencies in a complaint; and (5) the futility of amendment. *Id.*

However, once a court has filed a pretrial scheduling order, Rule (16)(b) governs rather than Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Rule 16(b) requires a showing of "good cause" before modifying a scheduling order. *Id.* 608–09; Fed. R. Civ. P. 16(b). Only if the movant establishes good cause under Rule 16 does the court consider whether amendment is proper under Rule 15. *Johnson*, 975 F.2d at 609.

**B. Discussion**

Because Plaintiff's motion was filed subsequent to the Court's pretrial scheduling order, the Court turns first to Rule 16, followed by Rule 15.

**1. Fed. R. Civ. P. 16(b)**

The Court, in its discretion, finds good cause for Plaintiff's untimely amendment. Plaintiff represents it did not know Freddie Mac previously owned the loan until it prepared for SFR's 30(b)(6) deposition in June 2018. (Renewed Mot. 6:16–17, ECF No. 69). According to Plaintiff, this case is unlike most cases where Freddie Mac possesses a *present* interest in the Property that is readily apparent. (*Id.* 6:12–15). In those cases, Freddie Mac's "counsel are actively involved in the investigation, preparation, and filing of the complaints related to their loans." (*See* Habdas Decl. ¶ 3, Ex 2 to Renewed Mot. ECF No. 69-2).

Here, in contrast, Plaintiff states Freddie Mac's ownership was unknown until Plaintiff's counsel undertook an investigation of Plaintiff's servicing records. (*Id.* ¶¶ 6–7). Upon discovering Freddie Mac's prior ownership, Plaintiff claims it disclosed this information to "the other parties rapidly and moved for leave to amend barely two months after the deadline for leave to amend." (Renewed Mot. 6:17–20). Plaintiff ultimately filed its Motion on July 23, 2018, (ECF No. 46).

Based upon these representations, the Court is satisfied that Plaintiff has adequately addressed Rule 16's good cause standard. Crediting Plaintiff's explanation for the delay, Plaintiff learned of Freddie Mac's ownership after expiration of the deadline to amend pleadings. Stated differently, Plaintiff could not have requested timely amendment under any scenario. *See Johnson*, 975 F.2d at 609 ("The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").

Thus, the Court now considers the propriety of amendment under Rule 15.

### 2. Fed. R. Civ. P. 15(a)

Notwithstanding the liberal standard set forth in Rule 15, Ninth Circuit courts may disallow amendment on the following grounds: (1) undue delay; (2) bad faith; (3) repeated failure to cure a pleading's deficiencies; (4) undue prejudice to the non-movant; and (5) futility *Leadsinger*, 512 F.3d at 532 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

In light of the relevant factors, and mindful of the underlying purpose of Rule 15, the Court will permit Plaintiff to amend its complaint. First, amendment is unlikely to unduly prolong proceedings. This action, filed in October of 2017, has been pending for less than a year-and-a-half. Should the parties seek discovery as to Plaintiff's amended allegations, it would be limited to probing Freddie Mac's purported prior ownership of Plaintiff's loan. While discovery would extend these proceedings, the Court finds it would not be unduly burdensome.

Second, there is no evidence of bad faith on Plaintiff's part. While SFR complains that Plaintiff "had access to all the information and documents necessary" at the "outset," SFR's argument is speculative and devoid of factual support. (SFR's Resp. 8:1–28, ECF No. 72). As

to the "repeated failure to cure deficiencies," this factor is inapplicable because Plaintiff has not previously amended its complaint.

On the prejudice prong, the Court cannot discern any undue prejudice SFR would suffer should Plaintiff amend its complaint. SFR states it will be "subjected to needless delay and additional discovery," and Plaintiff "should not be rewarded for its delay." (SFR's Resp. 12:6–9). As noted above, the Court is satisfied that amendment would not be unduly onerous given the limited allegations Plaintiff seeks to incorporate. Additionally, given Plaintiff's representation that it disclosed these allegations to SFR during discovery, the resulting prejudice, if any, is mitigated. Thus, the Court finds SFR would not be unduly prejudiced by amendment, and SFR has failed to demonstrate otherwise.

Finally, amendment would not be futile. SFR argues futility on the grounds that Plaintiff is without standing to enforce the Federal Foreclosure Bar and that such a quiet title theory would be time barred. (SFR's Resp. 9:12–12:4). Both arguments are without merit.

First, it is well established that "the servicer of a loan owned by a regulated entity has standing to argue that the Federal Foreclosure Bar preempts NRS 116.3116." *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017). Should the evidence show that Freddie Mac previously owned the loan, Plaintiff, as servicer, would have standing to assert the Federal Foreclosure Bar.

As to SFR's statute-of-limitations contention, 12 U.S.C. § 4617 does not supply the relevant limitations period where the Federal Housing Finance Agency ("FHFA") is not a party to an action. *See, e.g.*, *Residential Credit Sols., Inc. v. LV Real Estate Strategic Inv. Grp. LLS Series 5112*, No. 2:17-cv-84-JCM-NJK, 2018 WL 4258498, at *4 (D. Nev. Sept. 6, 2018) ("Because FHFA is not a party to this case, the limitations period contained in Section 4617 does not apply."). Here, because Plaintiff does not seek to add FHFA as a party, 12 U.S.C. § 4617 is inapplicable. Moreover, because Plaintiff filed its complaint less than four years after

the February 2014 foreclosure sale, Plaintiff's action would be timely under any potentially applicable limitations period. (Compl., ¶ 30, ECF No. 1) (filed October 3, 2017); *See Bank of New York Mellon v. Stone Canyon West Homeowners Ass'n*, No. 2:16-cv-01904-GMN-CWH, 2019 WL 1261344, at *3 (D. Nev. Mar. 19, 2019) (recognizing that "[c]ourts in this District apply either the four-year limitations period under NRS 11.220, or else the five-year period set forth in NRS 11.070 and 11.080 to a lienholder's quiet title claim."). Accordingly, the Court rejects SFR's futility arguments.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 65), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 46), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Leave to File an Amended Complaint, (ECF No. 69), is **GRANTED**. Plaintiff shall file the amended complaint within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report within twenty-eight (28) days of this Order notifying the Court as to how the parties plan to proceed in light of the amended complaint and whether additional discovery is necessary. The filing of a proposed scheduling order, if the parties elect to reenter discovery, will vacate the deadline for a joint status report.

**DATED** this __26__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge