# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

        Plaintiff,

vs.

MESA HOMEOWNERS' ASSOCIATION, *et al.*,

        Defendants.

Case No.: 2:17-cv-02566-GMN-DJA

**ORDER**

Pending before the Court is Defendant Mesa Homeowners Association's ("HOA's") Motion to Dismiss, (ECF No. 80). Plaintiff Bank of America, N.A. ("BANA") filed a Response, (ECF No. 86), and HOA filed a Reply, (ECF No. 88). For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** HOA's Motion to Dismiss.

## I. <u>BACKGROUND</u>

BANA initiated this lawsuit on October 3, 2017, asserting claims concerning a non-judicial foreclosure on real property located at 6972 Graceful Cloud Avenue, Henderson, Nevada 89015 ("Property"). (Compl. ¶¶ 6, 19–31, ECF No. 1). At the time of the foreclosure, BANA served as the beneficiary of record for the deed of trust ("DOT") on the Property; and BANA held that role as a loan servicer for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), who owned the mortgage loan on the Property. (First Am. Compl. ("FAC") ¶¶ 13, 19, ECF No. 77).

HOA initiated the foreclosure process through its agent, Alessi & Koenig, LLC ("A&K"), by recording a notice of delinquent assessment lien on April 29, 2013, which listed an outstanding amount of $946.49. (*Id.* ¶ 31). HOA then recorded a notice of default and election to sell on July 5, 2013. (*Id.* ¶ 32). In light of the recorded notices, BANA requested a

ledger from HOA, through A&K, identifying the amount owed to HOA and secured by a superpriority lien. (*Id.* ¶ 39). A&K responded by producing a ledger with a full payoff amount of $2,620.36. (*Id.* ¶ 40). BANA used that ledger to calculate the superpriority portion as $630.00—the sum of nine-months of common assessments owed. (*Id.* ¶ 41). BANA accordingly sent A&K a letter with a check enclosed to pay the outstanding superpriority amount. (*Id.*). Nevertheless, HOA, through A&K, recorded a notice of trustee's sale on January 6, 2014, and the foreclosure sale ultimately occurred on February 5, 2014, pursuant to the statutory scheme of Nevada Revised Statute Chapter 116. (*Id.* ¶¶ 32–33). The purchaser of the Property was SFR Investments Pool 1, LLC ("SFR") for $13,000.00. (*Id.* ¶ 42).

BANA now asserts various causes of action in its First Amended Complaint against parties involved in the foreclosure and subsequent sale of the Property, with the following claims asserted specifically against HOA: (1) declaratory judgment; (2) breach of Nevada Revised Statute 116.1113; and (3) wrongful foreclosure. (*Id.* ¶¶ 45–72, 87–106). In HOA's instant Motion, (ECF No. 80), HOA seeks dismissal of BANA's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad

faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III. <u>DISCUSSION</u>**

HOA moves to dismiss BANA's Amended Complaint on several grounds. First, concerning BANA's declaratory relief claim, HOA argues it is not a proper party because it does not assert an adverse interest to BANA and because the allegations do not support a violation of BANA's due process rights in the HOA's foreclosure on a homeowner's delinquent assessment lien. (Mot. Dismiss 5:7–7:27, ECF No. 80). Next, HOA seeks dismissal of BANA's claim for beach of the duty of good faith as found in NRS 116.1113 since there was no contractual or statutory duty owed by HOA to BANA. (*Id.* 8:1–10:8). Last, HOA contends that BANA's wrongful foreclosure claim must fail because HOA properly foreclosed after default and did so through strict adherence to Nevada law. (*Id.* 10:10–12:25). The below discussion addresses each ground in turn.

**A. Declaratory Relief**

BANA's declaratory relief claim seeks a declaration under Nevada Revised Statute 40.010 that the February 5, 2014 foreclosure sale did not extinguish the DOT. (FAC ¶¶ 54–56). Central to HOA's argument for dismissing this cause of action is HOA's denial of an ownership interest in the Property and denial of a lien or other interest on the Property adverse to BANA. (Mot. Dismiss 5:26–6:4).[1] HOA contends that, without an adverse interest to

---

[1] HOA argues that NRS Chapter 116 is not unconstitutional as alleged by BANA. (Mot. Dismiss 6:8–19). In line with authority from the Ninth Circuit and Nevada Supreme Court, the Court agrees with HOA on this argument. *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018); *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (holding that "Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme.").

1  BANA, HOA cannot be a proper party to the declaratory relief claim which seeks to determine
2  conflicting claims on real property. (*Id.*).

3   The Court finds that even though HOA does not claim an interest in the Property adverse
4  to BANA, HOA remains a necessary party under Federal Rule of Civil Procedure 19(a) because
5  of a potential remedy available in this action—that the sale be declared invalid. (FAC ¶ 109,
6  18:24–19:17). That potential remedy makes HOA a necessary party because it could reinstate
7  HOA's lien on the Property. Moreover, if BANA were to succeed in invalidating the sale,
8  additional litigation may be necessary to settle priority of the parties' liens and rights. Indeed,
9  courts in this District have consistently recognized a homeowners' association as a proper party
10 to declaratory relief claims in similar foreclosure actions. *See, e.g.*, *Linear Mortg., LLC v.*
11 *Williams*, No. 2:17-cv-00109-APG-GWF, 2019 WL 2393613, at *2 (D. Nev. June 6, 2019);
12 *HSBC Bank USA, N.A. as Tr. for PHH 20047-3 v. Flamingo 316, LLC*, No. 2:17-cv-02400-
13 JAD-NJK, 2019 WL 1368613, at *6 (D. Nev. Mar. 26, 2019).[2]

14  Aside from contending it is not a proper party to BANA's declaratory relief claim, HOA
15 adds that NRS Chapter 116 "specifically authorizes a homeowners' association to foreclose on
16 the entirety of its delinquent assessment lien against a homeowner." (Mot. Dismiss 6:22–23).
17 And by producing the foreclosure deed, HOA claims that the foreclosure sale is presumed valid
18 under Nevada's statutory requirements. (*Id.* 6:22–7:27). HOA thus seeks its dismissal from
19 BANA's declaratory relief claim because "there is no evidence . . . to overcome the
20 presumptions." (*Id.*).

---

[2] In its Reply, HOA contends that Borrowers are necessary parties to this action; and thus, BANA's claims fail because Borrowers are not named in them. The Court declines to address this issue at the current stage because BANA has not had an opportunity to address it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Bd. of Trustees of Painters & Floorcoverers Joint Comm. v. Super Structures Inc.*, 375 F. Supp. 3d 1172, 1174 (D. Nev. 2019) (explaining how, "[r]ather than permit additional briefing, the Court will disregard arguments the defendants raised for the first time in their Reply"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (providing that courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond).

The Court, however, finds that the applicable presumptions from a foreclosure deed do not defeat BANA's declaratory relief claim as a matter of law. These presumptions implicate compliance with statutory prerequisites, such as timely mailing, posting, and recording of notices. But the presumptions do not conclusively counter other aspects of the sale, such as tender of the superpriority amount prior to foreclosure, the preemptive effect of 12 U.S.C. § 4617(j)(3), or equitable and statutory circumstances that can support BANA's declaratory relief claim as alleged in the First Amended Complaint. (FAC ¶¶ 41–44, 49–56, 66–72); *see, e.g.*, *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016); *Wells Fargo Bank, N.A. for Holders of the Sarm 2005-14 Tr. Fund v. Hoa*, No. 2:15-cv-01204-MMD-PAL, 2018 WL 523353, at *6 (D. Nev. Jan. 23, 2018) ("Wells Fargo may circumvent the conclusive recitals in the foreclosure deed by bringing an equitable claim for relief, which it has done through the quiet title/declaratory relief claim."); *Ocwen Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:17-cv-01757-JAD-VCF, 2019 WL 4016203, at *5 (D. Nev. Aug. 26, 2019). Moreover, contrary to HOA's position, whether there "is evidence in this case to overcome the presumptions" is an issue outside the narrow scope of a motion to dismiss under FRCP 12(b)(6). (*See* Mot Dismiss 7:25–27). The Court thus denies HOA's Motion to Dismiss as to this ground.

**B. Breach of NRS 116.1113**

BANA's next claim against HOA arises from NRS 116.1113, which imposes a duty of good faith in the performance or enforcement of "every contract or duty governed by this chapter." Nev. Rev. Stat. § 116.1113. HOA breached that provision of good faith, according to BANA, by making representations in its CC&Rs that no lien could jeopardize the rights of the beneficiary of the senior deed of trust. (FAC ¶¶ 87–96). BANA also asserts that HOA violated this statutory provision by not identifying the super-priority amount of its lien for BANA and not providing a reasonable opportunity for BANA to protect its interest. (*Id.*). HOA argues for

dismissal of this claim on the basis that there is no contract between HOA and BANA and because HOA complied with all statutory duties provided under Nevada law prior to foreclosure. (Mot. Dismiss 8:20–9:2).

The Court agrees with HOA that BANA has not demonstrated how representations in the mortgagee protection clause of the CC&Rs support a claim for breach of NRS 116.1113. The Nevada Supreme Court has established how NRS 116.1104 specifically states that provisions of Chapter 116 cannot be varied by agreement or waiver, except as expressly provided in Chapter 116. *SFR Investments Pool 1 v. U.S. Bank*, 34 P.3d 408, 419 (Nev. 2014*), holding modified on other grounds by Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017) (citing Nev. Rev. Stat.§ 116.1104). Thus, NRS Chapter 116 rendered the CC&Rs' mortgagee protection clause unenforceable as a matter of law. Moreover, specific to allegations of the mortgagee protection clause serving as a basis for breach of NRS 116.1113, BANA does not respond to HOA's argument that this basis cannot support the claim; and thus, the Court grants this portion of HOA's motion. *Cf. U.S. Bank Tr., N.A. v. Saticoy Bay LLC Series 1405 S. Nellis 1038*, No. 2:18-cv-01045-APG-NJK, 2019 WL 919584, at *4 (D. Nev. Feb. 25, 2019).

Next, as to BANA's allegations that HOA failed to execute statutory duties in good faith because HOA did not identify the superpriority amount of its lien, the Court also agrees with HOA that such allegations fail to state a claim under NRS 116.1113. BANA does not cite a specific statutory provision in existence at the time of the foreclosure sale which imposed a duty on foreclosure notices to state the superpriority amount. Nor have courts found such a statutory duty to have existed at that time. *See SFR Invs. Pool 1, LLC*, 334 P.3d at 418; *Nationstar Mortg., LLC v. BDJ Investments, LLC*, 452 P.3d 410 (Nev. 2019) (unpublished).

BANA cites to *Pennymac Holdings, LLC v. Eldorado Neighborhood Second Homeowners Ass'n*, 441 P.3d 82 (Nev. 2019) (unpublished), to show where courts recognize an

actionable claim for breach of NRS 116.1113 claim by a DOT beneficiary in cases like this. However, *Pennymac Holdings, LLC* is distinct from this case, because there the recognized form of a claim by the lender concerned knowing violations of statutory notice provisions as well as initiation of foreclosure while a homeowner and lender are engaged in foreclosure mediation. *Id.* at *1 (discussing how "NRS Chapter 116 does impose duties on HOAs vis-à-vis lenders . . . including mailing statutorily compliant foreclosure notices" under NRS 116.31168(1) and NRS 107.090 and refraining from foreclosure during mediation under NRS 116.31162(5)). Here, by contrast, BANA does not allege such actions as constituting a basis for its third cause of action. Instead, the claim focuses on representations made in the mortgagee protection clause and HOA not identifying the superpriority portion of its lien. (FAC ¶¶ 87–96). Thus, as alleged in the First Amended Complaint, BANA's third cause of action under NRS 116.1113 does not state a plausible claim.[3] The Court accordingly grants dismissal of BANA's claim for breach of NRS 116.1113 with prejudice to the extent it relies on the CC&Rs' mortgagee protection clause and a failure to identify the superpriority portion of HOA's lien.

### C. Wrongful Foreclosure

BANA's final claim against HOA of wrongful foreclosure exists "to the extent that [HOA] contends or the Court concludes that [HOA's] foreclosure sale extinguished the deed of trust." (FAC ¶ 98). The first basis for this claim is BANA's alleged tender of the superpriority component of HOA's lien prior to the foreclosure sale. (*Id.* ¶¶ 99–100). BANA also alleges that the foreclosure was wrongful in that HOA sold the Property for a "grossly inadequate

---

[3] BANA contends in its Response that HOA's rejection of tender can support its breach of NRS 116.1113 claim. (Resp. 8:12–24). The First Amended Complaint does not, however, explicitly allege tender as a basis for breach of NRS 116.1113. (*See generally* FAC ¶¶ 87–96). Instead, it appears as a basis for BANA's declaratory relief claim. (*Id.* ¶¶ 41–42, 63). Thus, to the extent BANA now asserts tender as a basis for breach of NRS 116.1113, the Court grants dismissal without prejudice because BANA's allegations do not give HOA adequate notice of that ground.

amount," in violation of representations in the CC&Rs, and under commercially unreasonable circumstances. (*Id.* ¶¶ 101–103).

HOA moves for dismissal of this claim on the ground that the Amended Complaint does not establish an essential element of a wrongful foreclosure: that the homeowner was not in default at the time of the sale. (Mot. Dismiss 10:18–11:2). HOA additionally argues that BANA does not have standing to bring the claim because it is not a "trustor" or "mortgagor." (*Id.*).

The Court finds that BANA can assert a wrongful foreclosure claim. *Cf. Bank of New York Mellon as Tr. for Certificateholders of CWABS, Inc., Asset-backed Certificates Series 2005-AB2 v. Manchester at Huntington Homeowners Ass'n*, No. 2:16-cv-02175-JAD-NJK, 2019 WL 4576258, at *5 (D. Nev. Sept. 20, 2019); *Pennymac Holdings, LLC*, 441 P.3d at *1. Further, BANA has alleged a plausible claim on the basis that foreclosure would be wrongful if it extinguished the DOT even after BANA's tender of the superpriority amount.[4]

To the extent that BANA's wrongful foreclosure claim asserts a basis of commercial unreasonableness, the Court construes this as asserting a reason to equitably set aside the sale based on the Nevada Supreme Court's decision in *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641 (Nev. 2017). The Court has previously treated such a basis together with a quiet title claim. *See Christiana Tr. v. SFR Investments Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *4 (D. Nev. Dec. 17, 2018). Accordingly, this portion of the claim should not be dismissed, but the Court will address it where appropriate at the summary judgment stage.

---

[4] Foreclosure would not be wrongful as to BANA if BANA's tender resulted in the DOT not being extinguished by the foreclosure sale and HOA complied with all statutory procedures. *See Bank of New York Mellon v. Nevada Ass'n Servs., Inc.*, No. 2:16-cv-00370-APG-BNW, 2019 WL 2427938, at *7 (D. Nev. June 10, 2019). However, the Court evaluates the plausibility of BANA's claim at this stage as if its allegations are true. The Court thus considers whether a wrongful foreclosure claim exists through allegations that the HOA's foreclosure extinguishing the DOT even after full tender of the superpriority amount before the sale.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 80), is **GRANTED in part** and **DENIED in part**. The Court dismisses BANA's claim against HOA for breach of Nevada Revised Statute 116.1113 as stated in this Order.

**DATED** this __18__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court